**UNITED STATES of America, Appellee,**

v.

**Esther CASSIDY, John Schuchardt, Appellants.**

**No. 78–5151.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1979.

Decided Nov. 1, 1979.

Sebastian K. D. Graber, Alexandria, Va. (Graber, Stetler & Townsend, Alexandria, Va., David McC. Estabrook, Gattsek, Tavenner, Rosenfeld & McConnell, Ltd., Baileys Crossroads, Va., on brief), for appellants.

Daniel Cisin, Third Year Law Student (William B. Cummings, U. S. Atty., Robert F. McDermott, Jr., Asst. U. S. Atty., J. Mark Manner and John F. Greaney, Sp. Asst. U. S. Attys., Alexandria, Va., on brief), for appellee.

Before WINTER and HALL, Circuit Judges, and THOMSEN,* Senior District Judge.

PER CURIAM:

Defendants were convicted of depredation of government property in violation of 18 U.S.C. § 1361 when they threw or poured blood and ashes on the walls and ceiling of the Pentagon in the course of a demonstration against the design and possession of nuclear weapons. They appeal, contending

* Senior United States District Judge for the District of Maryland, sitting by designation.

that the district court erroneously limited their defense and that the district court prejudicially interfered with their trial. We affirm.

■■■ Defendants sought to justify the acts for which they were convicted on the ground that they constituted a necessary defense to illegal possession by the United States of nuclear weapons. In order to present this defense, they requested the court to appoint experts to testify concerning the nature of the United States' nuclear arsenal and policies and the legality of these weapons and policies under international law. The district court denied this request and subsequently refused to admit evidence on these points. We find no error in these rulings because, even if possession of nuclear weapons is illegal as defendants contend—an issue that we do not address— the necessity defense is inapplicable. As sought to be applied here, essential elements of the defense are that defendants must have reasonably believed that their action was necessary to avoid an imminent threatened harm, that there are no other adequate means except those which were employed to avoid the threatened harm, and that a direct causal relationship may be reasonably anticipated between the action taken and the avoidance of the harm. Even if we accept defendants' reasonable belief, we do not think that the elements of lack of other adequate means or direct causal relationship could be satisfied. *See United States v. Simpson*, 460 F.2d 515 (9 Cir. 1972); *United States v. Kroncke*, 459 F.2d 697 (8 Cir. 1972); *United States v. Moylan*, 417 F.2d 1002 (4 Cir. 1969). Thus, the district court did not commit error in limiting the proof.

From our study of the transcript, we conclude that the district judge did not interject himself impermissibly or prejudicially in the conduct of the trial.

*AFFIRMED.*