454 So.2d 625 (1984)
John Zavier LINNEHAN, Martina White Linnehan, and Daniel Edwards Moore, Appellants,
v.
STATE of Florida, Appellee.
Nos. 83-1421 to 83-1423.
District Court of Appeal of Florida, Second District.
July 6, 1984.
Rehearing Denied September 5, 1984.
Sebastian K.D. Graser, Alexandria, Va., for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellants were convicted of criminal mischief, culpable negligence, resisting arrest without violence, trespass, and unlawful assembly. The charges arose out of a demonstration at a plant believed to manufacture nuclear weapons components. The trial court had granted the state's motion in limine to exclude evidence to be offered by appellants in support of their "necessity" defense. The gist of that defense was that defendants had a reasonable belief that their actions were necessary to prevent the use or threat of use of nuclear weapons by the United States in violation of international law.
On appeal appellants contend that the trial court erred in granting the motion in limine and refusing to admit certain evidence offered in support of that defense. We disagree and affirm.
We conclude that the trial court was correct in ruling the evidence would be irrelevant because the evidence would not have established the "necessity" defense. United States v. Seward, 687 F.2d 1270, 1274-76 (10th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 789, 74 L.Ed.2d 995 (1983). The language of the Fourth Circuit Court of Appeals in United States v. Cassidy, 616 F.2d 101 (4th Cir.1979), reflects our conclusions in the case at hand:
[E]ven if possession of nuclear weapons is illegal as defendants contend  an issue that we do not address  the necessity defense is inapplicable. As sought to *626 be applied here, essential elements of the defense are that defendants must have reasonably believed that their action was necessary to avoid an imminent threatened harm, that there are no other adequate means except those which were employed to avoid the threatened harm, and that a direct causal relationship may be reasonably anticipated between the action taken and the avoidance of the harm. Even if we accept defendants' reasonable belief, we do not think that the elements of lack of other adequate means or direct causal relationship could be satisfied.
Id. at 102 (emphasis added). See also United States v. Lowe, 654 F.2d 562, 566-67 (9th Cir.1981). We are not persuaded otherwise by the majority opinion in Pennsylvania v. Berrigan, ___ Pa.Super. ___, 472 A.2d 1099 (1984).
AFFIRMED.
RYDER, C.J., and GRIMES and LEHAN, JJ., concur.