PER CURIAM.
As they protested a test of the Trident II nuclear missile, the appellants were arrested and charged with criminal trespass on Kennedy Space Center property in Brevard County, Florida. At trial, the appellants sought to assert the defense that they had the right under international law to commit such trespass because they considered it necessary to prevent the commission of a war crime or a crime against humanity. The trial court, citing Linnehan v. State, 454 So.2d 625 (Fla. 2d DCA 1984), granted the state’s motion in limine, thereby denying the appellants a forum in which to argue their views on war, world peace, and the sovereignty of international law. Reserving their right to obtain appellate review of this ruling, the appellants entered a plea of nolo contendere; the parties stipulated, and the court found, this issue to be dispositive of the case.
Pursuant to Florida Rule of Appellate Procedure 9.160, the trial court certified the following question to be of great public importance:
Whether international law authorizes an individual to commit a violation of § 810.09, Florida Statutes (1985), (trespass on property other than a structure or conveyance), if the person reasonably believes such a violation is necessary to prevent the commission of a war crime or a crime against humanity.
This court accepted jurisdiction pursuant to Rules 9.030(b)(4)(A) and 9.160.
International law is not paramount to, and does not in any way supersede, Florida criminal law. Accordingly, international law does not provide a valid legal defense to a violation of the criminal laws of this state. The certified question is answered in the negative and the trial court’s ruling is
AFFIRMED.
ORFINGER, COWART and DANIEL, JJ., concur.