**UNITED STATES of America, Plaintiff,**

v.

**John Edward CLARK, a/k/a Eddie Hatcher; and Timothy Bryan Jacobs, Defendants.**

Nos. 88–7–01–CR–3, 88–7–02–CR–3.

United States District Court, E.D. North Carolina, Fayetteville Division.

Sept. 21, 1988.

John S. Bruce, Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

William M. Kunstler, New York City, for Eddie Hatcher.

F. Lewis Pitts, Chapel Hill, N.C., for Timothy Bryan Jacobs.

TERRENCE WILLIAM BOYLE, District Judge.

This matter comes before the court on the United States' motion in limine on defense of necessity. This motion requests that the court exclude all evidence in this case pertaining to the defendants' necessity defense. For the reasons set forth below, the court denies that motion as untimely.

Both parties correctly point out that the necessity defense has a long-standing tradition in Anglo–American law. The propriety of this defense was confirmed by the Supreme Court in *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). The elements of the necessity defense have been characterized in different ways. This court adopts the U.S. Court of Appeals for the Fourth Circuit formulation. In *United States v. Cassidy*, 616 F.2d 101, 102, the court held that the:

"[e]ssential elements of the [necessity] defense are that defendants must have reasonably believed that their action was necessary to avoid an imminent threatened harm, that there are no other adequate means except those which were employed to avoid the threatened harm, and that a direct causal relationship may be reasonably anticipated between the action taken and the avoidance of the harm."

The court is unable to consider the United States' motion based on the evidence or lack thereof currently before the court. The government's implication that the court's ruling be based on "media accounts" is unwise. The court cannot speculate as to what evidence the defendants will bring forth to support a necessity defense. Without a record before it, the court cannot decide whether defendants have satisfied the elements of the *prima facie* case of the necessity defense. The defendants are entitled to present evidence relevant to the essential elements of the necessity defense.

In order for the defendants to be entitled to a jury instruction on the necessity defense, they must present evidence on each of the essential elements of the necessity defense. All evidence presented with regardc to the necessity defense must be relevant to one of the elements of that defense. No evidence will be allowed which is not directly relevant to one of the elements outlined above.

The United States' motion is untimely. No evidence has been proffered which could be a basis for a ruling regarding relevancy vis-a-vis the necessity defense. The issue presented to the court, by the United States' motion in limine, may have merit at trial in the form of evidentiary objections. At trial, the United States will have the opportunity to test the competence of the defense's witnesses on evidence that is relevant to the elements of necessity.

Accordingly, the United States' motion is DENIED.

SO ORDERED.