UNITED STATES of America

v.

Timothy Bryan JACOBS.

No. 88-7-02-CR-3.

United States District Court,
E.D. North Carolina,
Fayetteville Division.

Oct. 7, 1988.

John S. Bruce, Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

F. Lewis Pitts, Chapel Hill, N.C., for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the court upon motion of defendant Timothy Bryan Jacobs for reconsideration and reversal of the court's oral ruling made on September 28, 1988, denying defendant's appeal from the magistrate's denial of his motion to compel disclosure of exculpatory information. For the reasons stated below, the motion is denied. The court further holds, for the reasons stated below, that evidence pertaining to the defendant's proffered defense of necessity is not material to the issues in this case, and as a matter of law the court is required to exclude such evidence at trial based on the government's objection.

In its order of September 23, 1988, 704 F.Supp. 627, this court denied the government's motion in limine to exclude evidence of the necessity defense on the ground that "[n]o evidence has been proffered which could be a basis for a ruling regarding relevancy vis-a-vis the necessity defense." The defendant has now made a written proffer of evidence to support the claim of necessity as a defense. The issue is therefore ripe for a ruling based on the government's numerous objections at trial to questions posed by the defendant to witnesses seeking to elicit testimony in support of elements of a necessity defense.

The defendant argues in support of his motion that the court's ruling was based on a misstatement of the elements of the necessity defense. Those elements were set forth by the Fourth Circuit in *United States v. Cassidy*, 616 F.2d 101, 102 (1979):

> [E]ssential elements of the [necessity] defense are that defendants must have reasonably believed that their action was necessary to avoid an imminent threatened harm, that there are no other adequate means except those which were employed to avoid the threatened harm, and that a direct causal relationship may be reasonably anticipated between the action taken and the avoidance of the harm.

The defendant argues that "[t]he Fourth Circuits [sic] requirement of a causal connection between the action taken and the harm sought to be avoided is simply a requirement that the action taken be reasonably calculated to be effective and in no way predetermines the nature of the appropriate target." Under the defendant's reading of the causal requirement, the

question of whether innocent men and women are "appropriate targets" for hostage-taking is simply a question of whether hostage-taking is an effective means to the desired end. However, mere effectiveness is insufficient to establish the requisite causal connection between the action taken and the avoidance of the harm, since that connection must be "direct."

An indirect causal connection could be as effective as a direct one, *but only a direct causal relationship may form the basis of a necessity defense.* Were it not so, the potential range of illegal conduct which could be justified by a necessity defense would be limitless. The door would be open to justify the most egregious and violent conduct merely on the basis of the publicity and attention it would provoke. In fact, the more egregious and violent the conduct, the more publicity and attention it would receive, and then the more justifiable it would become. A civilized society founded upon the rule of law cannot tolerate such a result, as the Fourth Circuit recognized in *United States v. Moylan,* 417 F.2d 1002, 1008–09 (1969):

> [W]hile in restricted circumstances a morally motivated act contrary to law may be ethically justified, the action must be non-violent and the actor must accept the penalty for his action. In other words, it is commonly conceded that the exercise of a moral judgment based upon individual standards does not carry with it legal justification or immunity from punishment for breach of the law.

\* \* \* \* \* \*

To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable. Toleration of such conduct would not be democratic, as appellants claim, but inevitably anarchic.

Chaos and anarchy would inevitably result if the necessity defense were permitted to justify any effective means to a desired end. That is why the necessity defense can only be allowed to justify the direct consequences of an illegal action.

The defendant's proffered defense of necessity cannot, as a matter of law, satisfy this essential element. A direct causal connection cannot be established between the taking of innocent hostages on the one hand, and the alleviation of alleged drug-trafficking and official corruption or alleged threats to the defendants' lives on the other. This is not to say that hostage-taking could not be an effective means toward those ends, but that whatever effectiveness it would have could only be indirect.

As the defendants attempt to construct their defense, the hostage-taking was supposedly justified by the necessity of bringing information to the attention of law enforcement authorities, who could in turn act upon that information to avoid the imminent threatened harm. It is debatable whether or not communication of this information to the authorities could be considered a direct result of the illegal conduct. What is not debatable is that whatever the authorities proceed to do with that information can only be characterized as an *indirect* consequence of the hostage-taking. In order for there to be a direct causal relationship between an illegal action and the threatened harm, that action must, as a matter of law, be directed at the harm itself. Consequently, action directed against people who are innocent or remote with respect to the threatened harm is indirect and cannot support a necessity defense.

The defendant's proffered evidence of a direct causal relationship fails to satisfy this essential element of the necessity defense. The defendant states that the evidence is expected to show that "Defendants' demands in dealing with negotiators were always directed at ensuring their own safety and initiating processes that would address the problems of Robeson County." As the defendant himself thus characteriz-

es the proffered evidence, it would only show that the defendants anticipated *initiating* processes to address problems in Robeson County; they did not, and as a matter of law could not, anticipate that their actions would *directly* address those alleged problems. The same holds true with respect to the alleged threats on the lives of the defendants. The defendant does not proffer any evidence which would show that any of the hostages had threatened the defendants. The taking of those hostages therefore cannot be said to have directly addressed such threats.

The defendant argues that "[w]hether it was reasonable to anticipate that [the defendants'] action would secure the attention of outside authorities toward perceived problems is a question for the jury, and the court improperly withdrew it from the jury by its ruling." To support this argument the defendant cites *United States v. Gant*, 691 F.2d 1159, 1165 (5th Cir.1982),[1] for the proposition that "[w]hether a causal relationship could be reasonably anticipated is an objective factual determination...." However, reasonable anticipation of a causal relationship is not enough to establish a necessity defense in the Fourth Circuit, since that relationship must also be *direct*. And whether or not a causal relationship is direct is a matter of law for the court to decide. The court's ruling does not withdraw any question from the jury. The jury is required to answer questions of fact. The jury is not permitted to answer questions of law.

Since the defendant's proffered defense of necessity cannot satisfy the essential element of a direct causal relationship between the action taken and the avoidance of the harm, it must fail as a matter of law. *See United States v. Dorrell*, 758 F.2d 427 (9th Cir.1985); *United States v. Montgomery*, 772 F.2d 733 (11th Cir.1985); *United States v. Vigil*, 743 F.2d 751 (10th Cir. 1984); *United States v. Cassidy*, 616 F.2d 101 (4th Cir.1979); *United States v. Simpson*, 460 F.2d 515 (9th Cir.1972). Any evidence pertaining to this defense is therefore irrelevant. The information which the defendant seeks from the government to support its proffered defense is thus not exculpatory, and the court may not compel its disclosure by the government.

Accordingly, the defendant's motion for reconsideration and reversal of the court's oral ruling of September 28, 1988, is hereby DENIED. It is further ordered that the objection by the government to evidence pertaining to the elements of the defense of necessity is sustained.

SO ORDERED.

---

**1.** This case was not cited in the defendant's motion, but was brought to the court's attention by the defendant following the filing of the motion.