43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Owen HAMMER, Defendant-Appellant.
 No. 94-5063.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 30, 1994.
Decided: November 16, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CR-92-115-R-(H))
 Peter Alan Katt, Law Offices of Daniel L. Crandall, P.C., Roanoke, Virginia, for Appellant.
 Steven Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 Robert P. Crouch, Jr., United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Eugene Hammer was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g), and sentenced to a term of ninety months imprisonment. He appeals, contending that his rights under the Speedy Trial Act, 18 U.S.C. Sec. 3161, and the Sixth Amendment were violated, that the district court erred in refusing to instruct the jury on a defense of necessity, and that the district court made two errors in applying the Sentencing Guidelines. We affirm the decision of the district court in all respects.
 
 I.
 
 2
 On November 24, 1991, rangers operating a vehicle checkpoint in the Shenandoah National Forest arrested Hammer after they observed him intoxicated, with a shotgun resting beside him in his car. Hammer was charged with being a felon in possession of a firearm, in violation of Sec. 922(g), and made an initial appearance on that complaint before a United States Magistrate Judge on November 25, 1991, but the complaint was dismissed in December 1991. On August 21, 1992, Hammer was indicted for violating Sec. 922(g), based on the same incident that led to his November 1991 arrest. He first appeared on that indictment on February 5, 1993. He was tried and convicted on March 31, 1993. Two weeks prior to trial, Hammer sought to have his indictment dismissed on the grounds that it violated the Speedy Trial Act and the Sixth Amendment to the United States Constitution. The district court denied Hammer's motion.
 
 
 3
 The Speedy Trial Act requires that a defendant be brought to trial within seventy days of the filing of the indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. Sec. 3161(c)(1). The indictment in this case was filed on August 21, 1992, and Hammer made an initial appearance on February 5, 1993.
 
 
 4
 Hammer was tried on March 31, 1993--fifty-four days after his initial appearance. Since this is well within the seventy day limit, the Speedy Trial Act was not violated.
 
 
 5
 Hammer argues that the Act was violated because he "made an initial appearance before a United States Magistrate Judge on November 25, 1991 ... on the criminal complaint," and was not tried within seventy days of that date. Appellant's Br. at 5. This argument is without merit, as "the criminal complaint" pursuant to which Hammer appeared in November 1991 was dismissed without prejudice in December 1991. It is well established that "the prior dismissal of a complaint without prejudice has no impact upon the subsequent filing of an indictment for Speedy Trial Act purposes; consequently, the statutory time period begins to run anew from the issuance of a subsequent indictment." United States v. Nesbitt, 852 F.2d 1502, 1513 (7th Cir.1988), cert. denied, 488 U.S. 1015 (1989). See also United States v. Quinteros, 769 F.2d 968, 971-73 (4th Cir.1985); 18 U.S.C. Sec. 3161(d)(1) ("If any indictment ... or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense ... the [seventy-day time limit] shall be applicable with respect to such subsequent complaint, indictment, or information...."). Because the original complaint pursuant to which Hammer was charged was dismissed, the relevant seventy day period under the Speedy Trial Act did not start to run until Hammer's court appearance in February 1993. The November 1991 appearance date is simply of no moment.
 
 
 6
 The dismissed complaint is likewise not relevant to Hammer's Sixth Amendment claim. United States v. MacDonald, 456 U.S. 1, 7 (1982) ("[T]he Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges."). Thus, contrary to Hammer's suggestion, it is not the 493 day period between his initial arrest in November 1991 and his trial in March 1993, but rather the 222 day period between the filing of the indictment in August 1992 and his trial that must be scrutinized under the Sixth Amendment.
 
 
 7
 In Doggett v. United States, 112 S.Ct. 2686 (1992), the Supreme Court recalled that to even trigger a Sixth Amendment analysis, "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay," id. at 2690 (citation omitted), and noted that "lower courts have generally found postaccusation delay'presumptively prejudicial' at least as it approaches one year," id. at 2691 n. 1. We consider the delay in Hammer's case--which fell 143 days short of one year--clearly on the "ordinary" side of the threshold, and therefore not in violation of the Sixth Amendment.
 
 II.
 
 8
 At trial, Hammer raised a defense of necessity to justify his unlawful possession of a firearm, explaining that he had removed the shotgun in question from the house of his friend Calvin Wyant because Wyant was "having a lot of problems at home and just had separated" and Hammer was afraid Wyant might injure someone with the shotgun. J.A. at 95-96. The district court refused to instruct the jury on necessity. This ruling was correct, as Hammer was not entitled to a defense of necessity. In United States v. Bailey, 444 U.S. 394 (1980), the Supreme Court declared that the defense of necessity is unavailable where "there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm.' " Id. at 410 (quoting W. LaFave & A. Scott, Handbook on Criminal Law 379 (1972)); see also United States v. Cassidy, 616 F.2d 101, 102 (4th Cir.1979) (necessity defense available only where, inter alia, "there are no other adequate means except those which were employed to avoid the threatened harm"). Cf. United States v. Crittendon, 883 F.2d 326, 330 (4th Cir.1989) (related defense of "justification" available only where, inter alia, "no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm)"). Obviously, Hammer did not need to personally retrieve the shotgun from Wyant's house to ensure that Wyant would not injure anyone. For example, sending the police to Wyant's house would have been a wiser (and legal) move. The district court therefore did not err in refusing to instruct the jury on necessity.
 
 III.
 
 9
 Hammer's presentence report recommended a two-point reduction in the offense level for acceptance of responsibility, pursuant to
 
 
 10
 U.S.S.G. Sec. 3E1.1(a). The district court granted this reduction, but Hammer contends that his offense level should have been reduced one additional point because he "timely provid[ed] complete information to the government concerning his own involvement in the offense," Sec. 3E1.1(b)(1), or because he "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently," Sec. 3E1.1(b)(2). Our review of the record convinces us that Hammer was not entitled to a reduction on either basis, and that the district court's denial of an additional one point reduction therefore was proper.
 
 
 11
 Hammer did not timely provide complete information concerning his own involvement in the offense. One of the arresting rangers testified that Hammer initially stated that he had been hunting with the shotgun, J.A. at 52-53; at trial, Hammer denied making this statement and offered the "necessity" explanation for his possession of the weapon, J.A. at 96-100.
 
 
 12
 The district court's denial of a one-point reduction for a timely guilty plea was also proper. Hammer contends that although he ultimately did not plead guilty, he nonetheless notified the authorities of his intention to plead guilty by offering a guilty plea, conditioned on his ability to appeal the Speedy Trial issues he had raised, that was rejected by the United States. We reject Hammer's suggestion that a conditional guilty plea satisfies the requirements of Sec. 3E1.1(b)(2), because only an unconditional guilty plea conserves prosecutorial and judicial resources, as contemplated by the guideline. See United States v. Gonzalez, 19 F.3d 982, 984 (5th Cir.1994); United States v. Morillo, 8 F.3d 864, 871-72 (1st Cir.1993).
 
 
 13
 In his last assignment of error, Hammer challenges the district court's refusal to depart downward pursuant to Sec. 5K2.11, which permits a reduction in sentence where a defendant "commit[s] a crime in order to avoid a perceived greater harm." A district court's refusal to depart downward from the applicable sentencing guideline range is not reviewable, except where the court mistakenly believed that it lacked the authority to depart downward. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.1990). The record reveals that the district court was fully aware of its authority to depart downward on the grounds urged by Hammer, and simply elected not to do so. J.A. at 159-60. We therefore decline to review the district court's ruling.
 
 CONCLUSION
 
 14
 Finding Hammer's various challenges without merit, we affirm the judgment of the district court.
 
 AFFIRMED