UNITED STATES of America, Plaintiff,

v.

**Jose MONTANES–SANES, Defendant.**

No. Crim. 00–517(SEC).

United States District Court, D. Puerto Rico.

March 16, 2001.

Christopher J. Gramiccioni, Special Asst. U.S. Atty., Attorney's Office District of P.R., Criminal Division, San Juan, PR, Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for Plaintiff.

Fermin Luis Arraiza–Navas, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendant's Notification of the Necessity Defense, filed on January 8, 2001. (**Docket # 14**). The Government has responded to that motion, (Docket 16), and being in a position to dispose of the matter, Defendant's motion is **DENIED.**

### I. Background

The Defendant is charged in Count One of the Information with knowingly and unlawfully entering into a U.S. Navy installation in Vieques, in violation of 18 U.S.C. § 1382 and 32 C.F.R. §§ 770.35–770.40. (Docket # 1). Defendant has notified the Court that he intends to introduce the necessity defense at trial and for that purpose he argues that the circumstances surrounding his entry into Camp García made it "reasonable to believe that getting into the target range (L.I.A.) to stop the bombings [would] prevent an imminent, clear and present danger of contamination for the population of Vieques." (Docket # 14, Def.'s Br. at 8). He further argues that "[t]he credibility to be accorded to [his] proposed defense lies solely within the function of the trier of fact and is to be determined by the facts and circumstances of each case as they arise." (*Id.*) He cites *U.S. v. Schoon,* 971 F.2d 193 (9th Cir.1991) and *U.S. v. Cassidy,* 616 F.2d 101, as standing for the proposition that a defendant is entitled to present evidence on his behalf to establish the necessity defense because a determination of whether or not the defense is applicable is very fact-specific. However, these cases do not lend support to Defendant's contentions, as shall be briefly discussed below.

Before going any further however, the Court pauses to note that it has already addressed and denied the application of the necessity defense to the U.S. Navy–Vieques trespassing cases. *United States of America v. Alicia Agosto–Hernández,* Crim. No. 323(SEC) (D.P.R. Nov. 30, 2000). In *Agosto–Henández* this Court reviewed each of the elements of the defense and concluded that it was inapplicable to the Vieques trespassing cases. First, the Court held that the defendants did not satisfy the imminent harm requirement for the applicability of the defense. In particular, the Court found that the defendants failed to establish a crisis of personal danger requiring a violation of the law and that instead, the defendants' proclaimed goal was to save lives and protect the environment. "Although both goals are eminently laudable, they do not approach the imminency threshold required to present the necessity defense." *Id.,* slip op. at 4.

Second, the Court found that the defendants "failed to establish that there were no other legal alternatives to violating the law," *Id.,* and third, they also "failed to establish a sufficient causal relationship between the act committed ... and avoidance of the asserted 'greater harm.'" *Id.* Finally, the Court found the defendants' offers of proof "irrelevant to the ultimate

issue of whether they knew they were entering Camp Garcia without authorization on June 25, 2000." *Id.,* slip op. at 5.

## II. Applicable Law

 Since the Court has already made a ruling on this issue, it is unnecessary to abound on the elements of the necessity defense. The Government has cited *U.S. v. Schoon,* 971 F.2d 193, 195 (9th Cir.1991), a case of indirect civil disobedience, to support its contention that the necessity defense is inapplicable to this case and that holding a hearing is unnecessary for making a ruling on that issue. In addition, the Government has argued that ˙ this Court "may preclude a necessity defense where 'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.'" (Docket # 16, Gov't Br. at 4) (quoting *United States v. Raul Maxwell Anthony,* 129 F.Supp.2d 101, 103 (D.P.R. 2000)) (internal citations omitted).

In *U.S. v. Schoon,* the Ninth Circuit upheld the district court's denial of the necessity defense stating that: "[b]ecause the threshold test for admissibility of a necessity defense is a conjunctive one, a court may preclude invocation of the defense if 'proof is deficient with regard to any of the four elements.'" 971 F.2d at 195. However, the court added that although it could affirm the district court based on the lack of compliance with some elements of the defense—as this Court did in *Agosto–Henández, supra* —, "we find a deeper, systemic reason for the complete absence of federal case law recognizing a necessity defense in an indirect civil disobedience[1] case." *Id.*

Indirect civil disobedience was defined as "violating a law or interfering with a government policy that is not, itself, the object of protest." *Id.* at 196. "Direct civil disobedience, on the other hand, involves protesting the existence of a law by breaking that law or by preventing the execution of that law in a specific instance in which a particularized harm would otherwise follow." *Id.* This case clearly falls under the first category. In this case the defendant, Jose Montanes–Sanes, is alleged to have illegally entered into Camp García in Vieques for the purpose of protesting the use of the island-municipality by the U.S. Navy for training. Therefore, the illegal act committed was trespass. However, the Defendant was not protesting the trespass statute, but rather the Navy presence in Vieques.

 The Ninth Circuit found that in instances of indirect civil disobedience, the necessity defense is inapplicable *per se* because "[t]he real problem ... is that litigants are trying to distort to their purpose an age-old common law doctrine meant for a very different set of circumstances. What these cases are really about is gaining notoriety for a cause—the defense allows protestors to get their political grievances discussed in a courtroom." *Id.* at 199. Such is not a legitimate purpose for the application of the defense. In the Ninth Circuit's own words:

> It is axiomatic that, if the thing to be averted is not a harm at all, the balance of harms necessarily would disfavor any criminal action. Indirect civil disobedience seeks first and foremost to bring about the repeal of a law or a change of governmental policy, attempting to mobilize public opinion through typically symbolic action. These protestors violate a law, not because it is unconstitutional or otherwise improper, but because doing so calls public attention to their objectives. Thus, the most imme-

---

1. "Civil disobedience" within this context was defined as "the willful violation of a law, undertaken for the purpose of social or political protest." *Schoon,* 971 F.2d at 195–6.

diate 'harm' this form of protest targets is the *existence* of the law or policy. However, the mere existence of a constitutional law or governmental policy cannot constitute a legally cognizable harm.... The law could not function were people allowed to rely on their *subjective* beliefs and value judgments; in determining which harms justified the taking of criminal action.

*Id.* at 197 (emphasis in original). Therefore, "[i]ndirect protests of congressional policies can never meet all the requirements of the necessity doctrine." *Id.* at 199. Accordingly, Defendant's motion of intent to introduce the necessity defense at trial is **DENIED.**

**SO ORDERED.**