**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4085**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE EDUARDO LOPEZ-PADILLA, a/k/a Jose Padilla Lopez, a/k/a
Jose Lopez-Navarro, a/k/a Jose Naun Lopez Padilla, a/k/a
Jose Navarro Lopez, a/k/a Jose Padilla Navarro,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Martin K. Reidinger,
District Judge.  (1:12-cr-00035-MR-DLH-1)

───────────

Submitted:  October 9, 2013          Decided:  October 22, 2013

───────────

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North
Carolina, for Appellant.   Anne M. Tompkins, United States
Attorney, William M. Miller, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Eduardo Lopez-Padilla appeals his conviction after a conditional guilty plea to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) (2006). On appeal, he contends that the district court erred in prohibiting him from presenting a defense of necessity to the charge. We affirm.

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." United States v. Ricks, 573 F.3d 198, 200 (4th Cir. 2009) (citation and internal quotation marks omitted). The defendant bears the burden of proving an affirmative defense by a preponderance of the evidence. Dixon v. United States, 548 U.S. 1, 17 (2006).

Where there is insufficient evidence to support any element of an affirmative defense, a district court may preclude a defendant from presenting evidence of the defense at trial and may refuse to instruct the jury on the defense. United States v. Bailey, 444 U.S. 394, 415-16 (1980); United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994). A district court's refusal to instruct the jury on a defense presents a question of law that we review de novo. Ricks, 573 F.3d at 200 (citation omitted).

We have reviewed the record and conclude that the district court did not err in prohibiting Lopez-Padilla from presenting his defense of necessity to the jury based on the

2

proffered evidence. Even assuming that Congress contemplated the defense when it enacted 8 U.S.C. § 1326(a), see United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 490-91 (2001); United States v. Gore, 592 F.3d 489, 492 (4th Cir. 2010), the proffered evidence was insufficient as a matter of law for a reasonable jury to find in his favor on all of the elements of the defense, see Bailey, 444 U.S. at 410-15; United States v. Cassidy, 616 F.2d 101, 102 (4th Cir. 1979).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED