PER CURIAM.
Robert H. Coleman contests the trial court’s denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The supreme court has recently resolved a conflict among the districts and held that this claim is cognizable in a proceeding to correct an illegal sentence. See State v. Mancino, 714 So.2d 429 (Fla.1998). We reverse.
In its order denying Coleman’s motion, the trial court appended a court progress report which verifies some of the jail credit awarded to Coleman, but does not substantiate, for example, any release date for the time spent in jail “serving specified residency sentence” commencing March 16, 1992, which the trial court’s order identifies as July 19, 1992. Attached to Coleman’s motion is a document apparently produced by the Hillsborough County Sheriffs Office entitled “State Credit Time Log” which solves the riddle of the 313 days’ additional credit which Coleman claims is his entitlement. It reflects the days awarded to him at the time of his sentencing and those relied upon in the trial court’s order in the proceeding now under review. The total number of days’ credit in this log, 198, is properly calculated if one presumes that the entry of the date February 23,1993, should in fact read February 23, 1994; the supporting documentation from the trial court leads inescapably to the conclusion that the log contains a crucial clerical error. Coleman’s attempt to exploit this scrivener’s error discloses the unlikely scenario that he was confined for about eleven months awaiting a violation hearing, only to be released fewer than thirty days before his revocation and commitment to prison for twenty years. The court progress report, while inadequate to chronicle all his jail credit, casts grave doubts on the reliability of this allegation and the jail log.
We are confident from our analysis of these documents that Coleman has attempted to turn the slip of a sheriff’s pen to his advantage, and perhaps has placed himself in jeopardy of prosecution by swearing to facts to support his claim. Nonetheless, the documents relied upon by the trial court do not conclusively refute Coleman’s allegations, and the sheriffs log represents “court records [which] demonstrate on their face an entitlement to relief,” Mancino, 714 So.2d at 433. Accordingly, remand will be necessary either to award Coleman the credit he demands or to verify what appears to be a clerical error upon which Coleman is evidently hoping to capitalize.
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON and BLUE, JJ., concur.