720 So.2d 1104 (1998)
George A. NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1472.
District Court of Appeal of Florida, First District.
October 12, 1998.
*1105 Appellant, Pro Se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Nelson appeals the denial of motions seeking to clarify his sentence, in which he asserted he had not been properly credited for time served in county jail before sentencing. Recently, the Florida Supreme Court ruled that alleged errors in awards of jail credit are properly addressed in motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a) "when it is affirmatively alleged that the trial court records demonstrate on their face an entitlement to relief." See State v. Mancino, 714 So.2d 429 (Fla.1998).
Nelson alleged he was improperly credited with jail time served in case number 95-614. The record contains a jail credit certificate from the office of the sheriff of Columbia County which appears to support his allegation. The document reflects that Nelson was incarcerated in the county jail from October 5, 1995, to December 16, 1996, but also recites that he was confined for only 72 days. Clearly, if he was confined from October of 1995 until December of 1996, more than 72 days are involved. While it is possible that there is a clerical error in this document, as it stands, the record does not conclusively refute Nelson's allegation that he has not received proper jail time credit. This case is somewhat similar to Coleman v. State, 714 So.2d 1172 (Fla. 2d DCA 1998), in which the court identified what may have been a crucial clerical error, but remanded because the record did not conclusively refute the appellant's allegation.
Although Nelson did not cite rule 3.800(a) in his motion, "[t]he courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so." See Hall v. State, 643 So.2d 635 (Fla. 1st DCA 1994), citing Fenter v. State, 632 So.2d 685 (Fla. 2d DCA 1994). The trial court addressed the jail credit issue in its orders, and because a clear discrepancy appears in the record in this case, we believe it appropriate to treat the case as though filed under the proper rule.
REVERSED and REMANDED to verify whether the record contains a clerical error, or to award the additional credit sought.
JOANOS, WOLF and LAWRENCE, JJ., concur.