745 So.2d 1007 (1999)
Henry SANCHEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 99-01690
District Court of Appeal of Florida, Second District.
September 15, 1999.
*1008 PER CURIAM.
Henry Sanchez appeals the dismissal of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. The trial court dismissed it as being successive of a prior rule 3.800 motion filed by Sanchez. We disagree with this conclusion and find that Sanchez's current motion states a facially sufficient claim for relief. We accordingly reverse.
The trial court's attachments in this case indicate that Sanchez argued in his prior rule 3.800 motion that he was entitled to credit on all of his concurrent sentences equivalent to the greatest amount of presentence time he served in county jail in an earlier case, CF97-06487B. That is not what Sanchez argues in his current motion. In his current motion, Sanchez contends that he did not receive the proper amount of jail credit on his sentence in this case, CF98-496A-XX, due to an error in the sheriff's certificate. This is a different issue than that previously raised, and therefore Sanchez's motion is not successive of his prior motion. Cf. Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997) (holding defendant is not entitled to successive review of "a specific issue" which has already been decided against him).
Moreover, Sanchez's current motion states a facially sufficient claim for relief. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998) (holding that "credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief"); Nelson v. State, 720 So.2d 1104 (Fla. 1st DCA 1998) (holding possible clerical error regarding amount of jail time served warranted clarification of sentence under rule 3.800). Sanchez attached to his motion the sheriffs certificates for this case and case CF97-06487B to support his argument that the jail credit he received in this case is erroneous. He points out discrepancies in the dates of incarceration listed in the two certificates. For example, i case number CF97-06487B, the certificate indicates that Sanchez was returned from bond prior to trial on January 24, 1998, and released on bond after conviction on March 16, 1998. Yet, in case number CF98-496A-XX, the certificate shows that he was released on bond prior to trial on January 24, 1998, returned from bond prior to trial on March 11, 1998, and then released on bond after conviction on March 16, 1998.
It appears that at least one of these certificates contains erroneous information as to Sanchez's jail time. We accordingly reverse the trial court's order dismissing Sanchez's motion and remand for further consideration of the jail credit issue.
Reversed and remanded.
ALTENBERND, A.C.J., and WHATLEY and CASANUEVA, JJ., Concur.