818 So.2d 637 (2002)
Kenneth Levon WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0201.
District Court of Appeal of Florida, First District.
June 6, 2002.
*638 Appellant, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the denial of his motion to correct his illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant could not have been sentenced as a prison releasee reoffender when his conviction for burglary of a dwelling does not specify that the dwelling was occupied, we reverse and remand to the trial court for relief or for attachments from the record which conclusively show that the appellant is not entitled to relief.
On September 8, 1999, the appellant pled guilty to burglary of a dwelling in exchange for a sentence of fifteen years as a prison releasee reoffender pursuant to section 775.082(9)(a)(1)(q), Florida Statutes (1999). The record on appeal does not indicate that the dwelling was occupied, and the state does not dispute the appellant's assertion that "both the movant and the state would agree that the dwelling was not occupied at the time of the offense." The Florida Supreme Court in State v. Huggins, 802 So.2d 276 (Fla.2001), held that burglary of an unoccupied dwelling does not qualify one for classification as a prison releasee reoffender. In response to Huggins, the legislature added burglary of an unoccupied dwelling to the list of qualifying offenses, thus making both burglary of an occupied dwelling and burglary of an unoccupied dwelling qualifying offenses. See Ch. 01-239, § 1, at 2192, Laws of Fla. However, the appellant committed the crime before those amendments became effective on July 1, 2001, and those amendments are not retroactive. See State v. Eldredge, 801 So.2d 965 (Fla. 4th DCA 2001); Rock v. State, 800 So.2d 298 (Fla. 3d DCA 2001).
Because the appellant's conviction does not qualify under the Prison Releasee Reoffender Act, we reverse the order summarily denying the appellant's motion and remand for the trial court either to grant relief or to attach portions of the record which conclusively show that the appellant is not entitled to relief. We note that if relief is granted, the state will have the choice either to resentence the appellant or to take the appellant to trial, because the appellant's sentence was negotiated. See Williams v. State, 650 So.2d 1054, 1055 (Fla. 1st DCA 1995).
REVERSED and REMANDED.
WOLF, VAN NORTWICK and POLSTON, JJ., concur.