823 So.2d 829 (2002)
George SAUNDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4770.
District Court of Appeal of Florida, Fourth District.
August 14, 2002.
*830 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, George Saunders, appeals the trial court order summarily denying his rule 3.800(a) motion to correct illegal sentence. In this motion, appellant alleged that his sentence under the Prison Releasee Reoffender Act, section 775.082(8)(a)1, Florida Statutes (1997), for burglary of a structure was illegal because the jury did not make an express finding that the burglary was of an occupied structure. This is required for sentencing under the Act. See State v. Huggins, 802 So.2d 276 (Fla. 2001). The amendment which removed the requirement took effect on July 1, 2001. Appellant's offense was committed prior to that date, such that the amendment does not apply to him. See Ch. 01-239, § 1, at 2192, Laws of Fla.
Florida Rule of Criminal Procedure 3.800(a) is available for this challenge as it is apparent on the face of the record that the jury did not make an express finding that the structure was occupied. As such, appellant could not have been legally sentenced under the Prison Releasee Reoffender Act. See West v. State, 818 So.2d 637 (Fla. 1st DCA 2002).
Accordingly, as in the West case, the trial court order summarily denying appellant's rule 3.800(a) motion is reversed, and remanded for the trial court to either grant relief or attach portions of the record which conclusively refute his claim for relief.
REVERSED AND REMANDED.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.