843 So.2d 1041 (2003)
Jerry SWIGGUM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-693.
District Court of Appeal of Florida, Second District.
May 9, 2003.
*1042 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Jerry Swiggum challenges the sentences imposed after he pleaded guilty to burglaries of two dwellings, dealing in stolen property, and grand theft. He filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), raising these errors with the circuit court. Because the court never ruled on his motion, it is presumed denied. Fla. R.Crim. P. 3.800(b)(1)(B). Therefore, Swiggum has preserved the alleged errors for appeal.
Swiggum was sentenced as a prison releasee reoffender and a habitual offender for the two burglaries. These offenses were committed in May and June 1998. At the time of his crimes, a PRR sentence could be imposed only if the burgled dwelling was occupied. State v. Huggins, 802 So.2d 276 (Fla.2001). The State did not present evidence of occupancy, but at the time of Swiggum's sentencing, Huggins had not been decided. We therefore remand for a new sentencing hearing under the procedure adopted in Rowan v. State, 791 So.2d 40 (Fla. 2d DCA 2001). The court should review the record to determine whether it supports a finding that the dwelling was occupied. If the record is unclear, the court may conduct a limited evidentiary hearing on this issue. If the evidence supports a finding of occupancy, the court may resentence Swiggum as a PRR. The habitual offender sentences imposed for the burglaries are invalid for two reasons. First, Grant v. State, 770 So.2d 655, 659 (Fla.2000), held that sentencing a defendant to concurrent, equal terms as a habitual offender and a prison releasee reoffender violated the Prison Releasee Reoffender Punishment Act; second, the court did not orally announce the HFO sentences.
Swiggum's sentence for dealing in stolen property cannot stand for two reasons. First, the written sentence does not comport with the court's oral pronouncement of sentence. The court stated it was sentencing Swiggum as a prison releasee reoffender, but the written document reflects a violent career criminal sentence. Dealing in stolen property is not an enumerated offense under either of these sentencing schemes. §§ 775.082(8)(a)(1),.084(1)(c), Fla. Stat. (1997). As such, this sentence is invalid. Second, the court also sentenced Swiggum as a habitual offender for this crime. The fifteen-year sentence the court imposed is legal, but the minimum mandatory term is not. § 775.084(4)(a). However, again, the court did not orally announce this sentence.
The State points out that, as part of his plea bargain, Swiggum agreed to be sentenced as a PRR for the burglaries and the charge of dealing in stolen property. Because the agreement cannot be enforced, at least as to the latter charge, the State should be given the option of invalidating *1043 the plea or agreeing to sentences without the PRR enhancement. Caddo v. State, 806 So.2d 520 (Fla. 2d DCA 2001).
We also note that on the grand theft counts, the written sentence differs from the court's oral pronouncement. The court orally imposed a ten-year HFO sentence. § 775.084(4)(a)(3). This sentence is legal. But according to the written documents, Swiggum was sentenced to fifteen years as a PRR. The crime of grand theft does not qualify for PRR sentencing. § 775.082(8)(a)(1). Whether the State chooses to invalidate the plea agreement or abide by it, this sentence must be corrected.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., concur.