CANADY, Judge.
Shannon Clark appeals his convictions for burglary and attempted burglary and his sentences as a prison releasee reoffen-der. We affirm Clark’s convictions but reverse his sentences as a prison releasee reoffender.
Clark challenges his convictions on the ground that the trial court erred in precluding his assertion of a necessity offense. Clark’s claim fails because he did not establish that there was any basis for a necessity defense. Clark claimed that he committed the offenses charged against him in an effort to elude law enforcement officers who were seeking to apprehend him and that he was fleeing the officers because he had previously been subjected to physical abuse by other law enforcement officers. The previous acts of abuse claimed by Clark occurred more than six years prior to the date of the offenses at issue here. There was no evidence, however, showing that in committing the offenses charged against him Clark “reasonably believed that [his] action was necessary to avoid an imminent threatened harm.” Linnehan v. State, 454 So.2d 625, 626 (Fla. 2d DCA 1984) (quoting United States v. Cassidy, 616 F.2d 101, 102 (4th Cir.1979)). Even if Clark’s contention that he had been previously abused by law enforcement officers is accepted as true, that circumstance would as a matter of law be an insufficient basis for the defense of necessity. An experience of abuse by officers in the past *1273 would not give rise to a reasonable belief that eluding other law enforcement officers in subsequent encounters would be necessary to avoid an imminent threatened harm.
The State correctly concedes that the sentencing of Clark as a prison releas-ee reoffender was error under State v. Huggins, 802 So.2d 276 (Fla.2001). Under Huggins, section 775.082, Florida Statutes (2000) — the version of the Prison Releasee Reoffender Punishment Act in force at the time of Clark’s offenses — was “not applicable to a defendant ... convicted of burglary of an unoccupied dwelling.” Huggins, 802 So.2d at 276. Here, there was no showing that the dwelling Clark burglarized or the dwelling he attempted to burglarize was occupied.
The trial court concluded that the version of the Prison Releasee Reoffender Punishment Act adopted by the legislature in response to Huggins — and which extended the provisions of the statute to burglary of unoccupied dwellings-was applicable to Clark’s offenses. See ch. 1-239, § 1, at 2192, Laws of Fla. The amended version of the statute became effective on July 1, 2001. Clark’s offenses were committed on March 19, 2001. The trial court thus applied the amended version of the statute retroactively. The amended version of the statute, however, is not retroactively applicable. West v. State, 818 So.2d 637 (Fla. 1st DCA 2002); Saunders v. State, 823 So.2d 829 (Fla. 4th DCA 2002). Clark’s sentences therefore are reversed, and the case is remanded for resentencing.
Convictions affirmed, sentences reversed, and case remanded for resentenc-ing.
FULMER and VILLANTI, JJ., concur.