901 So.2d 252 (2005)
Arthur ROSS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D04-151.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
Arthur Ross, Daytona Beach, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for respondent.
STONE, J.
We grant this petition for writ of habeas corpus and remand for re-sentencing.
In 1999, Ross entered no contest pleas to burglary of a dwelling in two cases. He was sentenced as a prison releasee reoffender (PRR). The informations did not specify whether the dwellings were occupied and did not cite to a specific subsection of the burglary statute. Subsequently, we recognized that the PRR designation applied only to burglaries of an occupied dwelling. State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999) (en banc). In Huggins, we receded from this court's prior position that the PRR designation applied to burglaries, regardless of whether the dwelling was occupied. See, e.g., Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998) (receded from by Huggins).
Ross first sought post-conviction relief under rule 3.850 in 2000, arguing he did not qualify as a PRR because he was not charged with burglary of an occupied *253 dwelling. The trial court denied the claims, finding that the police affidavits indicated the dwellings were occupied at the time. Ross appealed the denial of his rule 3.850 motion to this court, arguing only that his attorney was ineffective in allowing him to be sentenced as a PRR.
While that order was on appeal, the supreme court granted review in Huggins and confirmed that the PRR statute applied only to burglary of an occupied dwelling. State v. Huggins, 802 So.2d 276 (Fla. 2001). Applying section 775.021(1), Florida Statutes (1997), the supreme court strictly construed the PRR statute and reasoned that the legislature's intent as to whether burglary of a dwelling qualified for PRR sentencing, regardless of occupancy, was unclear. The court interpreted the language of the PRR statute in the manner most favorable to the defendant. Id.
We subsequently affirmed Ross's 3.850 appeal because counsel was not ineffective in failing to anticipate the change in law. Ross v. State, 796 So.2d 1185 (Fla. 4th DCA 2001). It cannot be determined whether, in affirming, this court considered the legality of the sentence. Such is unlikely, however, as that was not the issue argued on appeal.
In 2001, Ross filed a rule 3.800(a) motion, arguing that his PRR designation was illegal, as the burglarized dwellings were not specified as occupied. The trial court found that this issue had been raised in the original 3.850 motion, which the trial court had rejected and we had affirmed. This court affirmed without opinion. Ross v. State, 806 So.2d 496 (Fla. 4th DCA 2001).
In 2002, he filed another 3.850 motion, which the trial court denied as procedurally barred. Ross appealed. We affirmed without opinion. Ross v. State, 851 So.2d 176 (Fla. 4th DCA 2003).
In 2003, Ross filed another 3.800 motion, alleging that his PRR sentences were illegal because the sentencing court did not make an express finding that the burglarized dwellings were occupied. This court again affirmed without opinion. Ross v. State, 861 So.2d 47 (Fla. 4th DCA 2003).
Nothing in any of the several collateral proceedings suggested that the factual basis for Ross's pleas established that the dwellings were occupied at the time of the burglary. The state candidly acknowledges that the record does not establish that anyone was actually inside the dwellings. One police report states that the victim returned home and found Ross standing outside the garage. The other states that the victim no longer lived in the trailer but implied that a former roommate still lived there. It, therefore, appears that the trial court's initial conclusion that the residences were "occupied" is not supported.
Ross filed the instant habeas corpus petition in this court because he is banned from further pro se filings in the trial court. Ross again argues that he is entitled to be re-sentenced without the PRR designation because the dwellings were not occupied.
Under Florida's burglary statute, a "dwelling" is defined as a building with a roof over it "designed to be occupied by people lodging therein at night." § 810.011(2), Fla. Stat. (1997). The state asserts that "occupied," as contemplated by the PRR statute, does not require that a person be physically inside the dwelling at the time the defendant enters, as long as a person is currently living in the dwelling at the time. We recognize that occupancy is not a factor in resolving whether a structure qualifies as a dwelling under the burglary statute. See Perkins v. State, 682 So.2d 1083 (Fla.1996). However, this is not an issue in resolving whether PRR sentencing is valid under section 775.082(8), Florida Statutes (1997), which specifically used the term "occupied." We *254 also recognize that the legislature has subsequently expressed its intent that the PRR statute be applied to burglary of a dwelling, whether occupied or not. See Ch.2001-239, Laws of Florida.
The state asks that Huggins not be applied retroactively, relying on State v. Glenn, 558 So.2d 4, 7 (Fla.1990), where the supreme court held that Carawan v. State, 515 So.2d 161 (Fla.1987), did not apply retroactively. The Glenn court found that the legislature had amended the statute at issue in Carawan, showing that the interpretation of the legislative intent in Carawan was incorrect. The court failed to see the logic in retroactively applying an interpretation which, by legislative amendment, was later shown to be incorrect. 558 So.2d at 9. The court in Glenn also concluded that Carawan, as an "evolutionary refinement of the law, should not have retroactive application." Id.
The state also argues that the petition is barred by the law of the case doctrine and that no manifest injustice will occur because, if relief was granted, Ross could theoretically be given a more severe sentence on remand. See State v. McBride, 848 So.2d 287, 292 (Fla.2003). We have considered McBride and deem it inapposite. We note that the sentence was in accord with the terms of a negotiated recommendation which was silent as to PRR status.
Although there is no opinion discussing whether, or why, Huggins should be applied retroactively, we and other courts have, in fact, done so. See, e.g., Saunders v. State, 823 So.2d 829 (Fla. 4th DCA 2002) (applying Huggins retroactively); West v. State, 818 So.2d 637 (Fla. 1st DCA 2002) (applying Huggins where plea was entered in 1999 and Huggins was not decided until 2001). Applying these authorities dictates that as the defendant committed the offense before the effective date of the statutory amendment, July 1, 2001, he is entitled to Huggins relief. See also Bozeman v. State, 846 So.2d 616 (Fla. 2d DCA 2003). This is consistent with a conclusion that Huggins was essentially a clarification of what offenses qualified for the PRR statute since the statute's inception, and as a clarification of the law, and not a change of law, the decision is to be applied retroactively. See State v. Klayman, 835 So.2d 248 (Fla.2002).
In Saunders, this court reversed an order denying a rule 3.800(a) motion to correct an illegal sentence. Saunders claimed that his PRR sentence for burglary of a structure was illegal because the jury did not make a finding that it was an occupied structure. There, we determined, applying Huggins, that an express finding that the burglary was of an occupied structure was necessary where the offense was committed prior to the legislative amendment, which removed the requirement. We reversed because it was apparent on the face of the record that the jury did not make an express finding that the structure was occupied. Saunders, 823 So.2d at 830.
In Swiggum v. State, 843 So.2d 1041 (Fla. 2d DCA 2003), prior to Huggins, the appellant pled guilty to burglary of two dwellings and was sentenced as a PRR. The Second District reversed, concluding that the state did not present evidence of occupancy. Id.
Applying what is now settled law, we conclude that it would be a denial of due process to fail to apply the same here, notwithstanding our prior opinions affirming Ross' sentence. The sentence is, therefore, reversed. We remand for imposition of a non-PRR sentence.
FARMER, C.J., and WARNER, J., concur.