987 So.2d 779 (2008)
Robert Earl REEVES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-427.
District Court of Appeal of Florida, Third District.
July 30, 2008.
*780 Robert Earl Reeves, in proper person.
Bill McCollum, Attorney General, and Heidi Milan-Caballero, Assistant Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
The defendant, Robert Earl Reeves, appeals the trial court's summary denial of his amended motion to correct an illegal sentence in case number 92-33574, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
The defendant claims that he did not receive all of the credit for time served, taking into consideration time he served in the county jail prior to sentencing, time he served in state prison, and gain time. The defendant's argument, however, rests upon credit he allegedly earned on cases pre-dating his conviction in case number 92-33574. Credit for time served in these earlier cases (case numbers: 89-39944, 90-11502, 90-11504, and 90-40526), however, is irrelevant in the computation of the defendant's sentence in case number 92-33574, as the sentence in 92-33574 was ordered to run consecutive to the sentences imposed in case numbers 90-11502, 90-11504, and 90-40526, and the defendant had already completed his sentence in case number 89-39944 when the sentence was imposed in case number 92-33574.
If the defendant believes that he was not awarded the correct credit for time served, gain time, or provisional release credit in case numbers 90-11502, 90-11504, and 90-40526, he must first exhaust his administrative remedies. See Milne v. State, 807 So.2d 725, 726 (Fla. 4th DCA 2002); Smith v. State, 706 So.2d 356 (Fla. 1st DCA 1998). If the defendant is unsuccessful, he may file a motion in the circuit court of Miami-Dade County pursuant to Florida Rule of Criminal Procedure 3.800 to address his entitlement to any additional credit for time served in the county jail, and/or seek relief in the circuit court of Leon County by way of a petition for a writ of mandamus to address his entitlement to any additional gain time or provisional release credits. In Bush v. State, 945 So.2d 1207, 1215 (Fla.2006), the Florida Supreme Court held:
(1) the proper remedy for a prisoner to pursue in challenging a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be a mandamus petition filed in circuit court; (2) the proper venue for a prisoner's challenge to a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be in circuit court in Leon County, where the Department is located....
As the defendant's motion was filed under case number 92-33574 only, he failed to allege an improper calculation of the time served in that case, and he has failed to allege or to provide any documentation that he has exhausted his administrative remedies, we affirm the trial court's order without prejudice to the defendant to seek the appropriate remedy in the correct jurisdiction *781 after he has exhausted his administrative remedies.
Affirmed.