WHATLEY, Judge.
 

 Robert Watkins challenges the order of the postconviction court denying his motion to vacate, set aside, or correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the order and remand for further proceedings.
 

 In December 2000, the trial court sentenced Watkins to prison in trial court case number 99-18436. In May 2001, Watkins was also sentenced to prison in trial court case number 00-14062. The trial court ordered that the sentence in 00-14062 be served consecutively to the sentences imposed in 99-18436. In December 2004, Watkins filed a motion to correct illegal sentence in 99-18436. In response to the motion, the postconviction court resen-tenced Watkins in that case on September 12, 2005. However, in April of 2006, Watkins filed a motion for clarification of sentence in 99-18436. In the motion for clarification, Watkins contended that when it resentenced him, the postconviction court ordered that the sentences in 99-18436 were to run concurrently with the sentence imposed in 00-14062 but the Department of Corrections (DOC) had misinterpreted the postconviction court’s sentencing scheme and determined that the sentence in 00-14062 was to run consecutively to the sentences imposed in 99-18436. The post-conviction court denied the motion for clarification, finding that in resentencing Watkins in 99-18436, the prior postconviction court did not order that the sentences in the two trial court cases be served concurrently.
 

 In the first ground in the present rule 3.800(a) motion, Watkins argued that the prior postconviction court erred in denying the motion to clarify. The postcon-viction court dismissed the claim without prejudice to refile because Watkins did not allege that it could be determined from the face of the record. However, Watkins’ claim that the DOC incorrectly interpreted his sentences is not cognizable in a motion for clarification.
 
 See Edward v. State,
 
 966 So.2d 1012, 1013 (Fla. 4th DCA 2007). Furthermore, the claim is not cognizable in a rule 3.800(a) motion.
 
 See Swinney v. State,
 
 757 So.2d 1218, 1218 (Fla. 2d DCA 2000). Any complaint to the effect that the DOC has misinterpreted Watkins’ sentences must be addressed through administrative procedures and, if necessary, by a petition for writ of mandamus in Leon
 
 *1130
 
 County.
 
 Id.; Stovall v. Cooper,
 
 860 So.2d 5, 7-8 (Fla. 2d DCA 2003) (en banc). We therefore reverse that portion of the order dismissing without prejudice the claim alleged in ground one and direct the post-conviction court on remand to dismiss the claim with prejudice.
 

 In ground two of the rule 3.800(a) motion, Watkins alleged that the trial court illegally imposed a prison release reoffender (PRR) sentence in count one of 99-18436, wherein he was convicted of burglary of a dwelling, because the jury did not specifically find that the dwelling was occupied. This claim is cognizable in a rule 3.800(a) motion.
 
 See Saunders v. State,
 
 823 So.2d 829 (Fla. 4th DCA 2002). Furthermore, as in
 
 Saunders,
 
 the commission of the offense in 99-18436 took place before the legislature amended the PRR statute to add burglary of an unoccupied dwelling to the list of offenses qualifying a defendant for a PRR designation. The postconviction court misinterpreted this claim, finding that Watkins was attempting to raise a factual challenge as to whether the dwelling was occupied. In doing so, it erroneously dismissed this claim without prejudice because Watkins did not allege that his entitlement to relief could be determined from the face of the record. Accordingly, we reverse that portion of the order denying the claim raised in ground two of the motion. On remand, the post-conviction court shall address the merits of the claim.
 

 Reversed and remanded.
 

 CASANUEVA and KHOUZAM, JJ., Concur.