COPE, J.
 

 This is an appeal of an order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We address the claim of defendant-appellant Olson Joseph that he is entitled to additional jail time credit.
 

 Pursuant to a plea agreement, the defendant pled guilty to the charges of attempted first-degree murder and other offenses. The plea agreement included a provision that the defendant would receive credit for all jail time previously served. The defendant alleges that he should have been awarded 879 days of jail credit, but was only awarded 789 days.
 

 In the trial court the State argued that the motion was “legally insufficient in that [the defendant] has attached no documents indicating either the amount of credit he has been awarded nor documentation indicating that he has exhausted administrative remedies within the Department.” The trial court accepted the State’s argument and denied the motion “without prejudice for the defendant to first seek relief from the Department and, failing that, again seek it in this court.”
 

 Respectfully, the trial court was incorrect in saying that the defendant was required to attach documents indicating the amount of credit he has been awarded. Apparently the court contemplated that the defendant would attach a document from the Department of Corrections stating the amount of credit the Department had awarded. While this may be helpful, there is no such requirement in the rule. As the Fifth District has explained in an analogous case:
 

 Cases construing Rule 3.800(a) do not impose on criminal defendants the necessity to attach portions of the record supporting their claims for relief. Rather, the burden is placed on trial courts
 
 *948
 
 who summarily deny relief sufficiently pled for by convicted criminal defendants to attach portions of the record which establish why the defendant is not
 
 entitled to the relief being sought.
 

 Moore v. State,
 
 741 So.2d 577, 578 (Fla. 5th DCA 1999) (citing
 
 Bunch v. State,
 
 622 So.2d 525 (Fla. 5th DCA 1993)).
 
 See generally Hidalgo v. State,
 
 729 So.2d 984, 985-86 (Fla. 3d DCA 1999).
 

 The trial court also erred by requiring the defendant to exhaust his administrative remedies within the Department of Corrections. The allegation here is that the court’s sentencing order failed to give adequate credit for time served.
 
 See
 
 § 921.161, Fla. Stat. (2003). The defendant is not making any claim that the trial court calculated the time correctly, and that the Department of Corrections incorrectly recorded it. “Pre-sentence jail time is a matter which is within the purview of the circuit court and the failure of that court to make a proper award affects the validity of the sentence imposed.”
 
 Knox v. State,
 
 692 So.2d 296, 297 (Fla. 3d DCA 1997).
 

 The defendant also appears to allege that the jailer’s certificate under subsection 921.161(2), Florida Statutes, was incorrect. That claim is also cognizable in a Rule 3.800(a) motion.
 
 Sanchez v. State,
 
 745 So.2d 1007, 1008 (Fla. 2d DCA 1999);
 
 Nelson v. State,
 
 720 So.2d 1104, 1105 (Fla. 1st DCA 1998).
 

 Where a claim of this type has been summarily denied, on appeal this court must reverse “unless the record shows conclusively that the appellant is entitled to no relief....” Fla. RApp. P. 9.141(b)(2)(D). In this case there are no attachments to the State’s trial court response, or the denial order, demonstrating that the defendant is not entitled to the additional jail time credit. “In a rule 3.800(a) summary denial case, like ones brought pursuant to rule 3.850, records showing the criminal defendant is not entitled to the relief requested should be attached to the order denying relief.”
 
 Moore,
 
 741 So.2d at 578. Alternatively, it is sufficient if the records are attached to the State’s trial court response.
 
 See
 
 Fla. R.App. P.9.141(b)(2)(A) (postconviction record on appeal includes attachments to the motion, response, reply, order, and rehearing papers).
 

 For the stated reasons, we reverse the denial of jail time credit and remand for further proceedings on that claim. We affirm the denial of the defendant’s remaining claim without discussion.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.