PER CURIAM.
 

 The appellant has filed a facially sufficient rule 3.800(a) motion stating that in November 2009 he was arrested for driving while license suspended or revoked, and thereafter entered into a negotiated plea agreement with the state which called for a sentence of 18 months’ imprisonment. He scored 14.1 points on his guidelines scoresheet. The court sentenced him to 18 months’ imprisonment. The appellant states that the court did not make any findings that he could be a danger to the public if the court did not sentence him to prison, and the record does not contain any such written findings.
 

 In the instant motion the appellant argues that his sentence is illegal because, for the reason set forth below, he should have been sentenced to a nonstate prison sentence based upon his score of 14.1 points. The trial court denied the motion without any analysis or record attachments.
 

 The appellant bases his illegal sentence claim on the fact that section 775.082(10), Florida Statutes (2009), which took effect just prior to the appellant’s arrest, states that anyone who commits a crime:
 

 on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a
 
 *86
 
 state correctional facility pursuant to this section.
 

 As noted, the appellant scored 14.1 points on his scoresheet, and the record before this Court does not contain any written findings from the lower court that the appellant could present a danger to the public if not sentenced to prison. It thus appears from the record that the appellant should have been sentenced to a nonstate prison sentence.
 

 We therefore reverse and remand the order on appeal for the lower court to either attach record documents conclusively refuting the appellant’s claim or for further proceedings.
 
 See e.g., West v. State,
 
 818 So.2d 637 (Fla. 1st DCA 2002).
 

 REVERSED AND REMANDED.
 

 VAN NORTWICK, LEWIS, and CLARK, JJ., concur.