PER CURIAM.
Kimberly VanDyke appeals the trial court’s order denying her motion to correct her sentence, filed pursuant to Florida Rule of Criminal Procedure 8.800(a). We affirm.
In her motion, VanDyke asserted that her sentence was illegal because it failed to comport with section 775.082(10), Florida Statutes (2009).[1] Specifically, *1078 VanDyke relies on the fact that, although she scored only 19.9 points on her sentencing guidelines scoresheet, the trial court imposed a state prison sentence without setting forth a written finding that a non-prison sentence could present a danger to the public. This claim is not cognizable under rule 3.800(a) because it does not involve an illegal sentence.
As the First District recently recognized, section 775.082(10)’s requirement of providing written findings to impose a prison sentence is similar to the former sentencing guidelines’ requirement of providing written findings to impose an upward departure sentence. Jones v. State, 71 So.3d 173, 175 (Fla. 1st DCA 2011). Regarding the latter, a trial court’s upward departure without written findings resulted in an improper, but not illegal, sentence. Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), receded from on other grounds, Mack v. State, 823 So.2d 746, 748-49 (Fla.2002). Accord Wright v. State, 911 So.2d 81 (Fla.2005); Maddox v. State, 760 So.2d 89, 107-08 (Fla.2000); Wighard v. State, 34 So.3d 782 (Fla. 5th DCA 2010); Godwin v. State, 679 So.2d 362 (Fla. 5th DCA 1996). Likewise, a trial court’s imposition of a prison sentence without the written findings required by section 775.082(10) does not result in an illegal sentence. In so ruling, we recognize that the First District recently analyzed a section 775.082(10) violation claim under rule 3.800(a) on the merits in Hutto v. State, 50 So.3d 85 (Fla. 1st DCA 2010); however, that decision did not address whether such a claim was cognizable under rule 3.800(a).
AFFIRMED.
GRIFFIN, PALMER and EVANDER, JJ., concur.

. The section reads, in pertinent part:
775.082 Penalties; Applicability of sentencing structures; mandatory minimum sentences for certain reoffenders previously released from prison.—
(10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.