# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2671
Lower Tribunal No. 11-20586 F
_____


**Leonel LaFerte-Diaz,**
Petitioner,

vs.

**Department of Corrections,**
Respondent.


A Case of Original Jurisdiction - Mandamus.

Leonel LaFerte-Diaz, in proper person.

Barbara Debelius, Assistant General Counsel (Tallahassee), for respondent.


Before SHEPHERD, LAGOA, and EMAS, JJ.

LAGOA, J.

Leonel LaFerte-Diaz ("Diaz") seeks a writ of mandamus from this Court

compelling the Department of Corrections (the "Department") to award him gain

time on the 1,049 days he spent in custody prior to judgment and sentence. Diaz asserts that awarding such gain time would result in his immediate release from custody.[1] The Department moves this Court to dismiss Diaz's petition for failure to first utilize the inmate grievance system to seek redress before seeking to have this Court intervene. As an inmate in the custody of the Department, Diaz must fully exhaust his administrative remedies concerning matters remediable by the Department before he is entitled to pursue his judicial remedies in court. Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006); Wilson v. State, 9 So. 3d 630 (Fla. 3d DCA 2009) (table). Because Diaz has not exhausted his administrative remedies, we dismiss his petition without prejudice.

The law is well established that a petitioner typically must exhaust his administrative remedies prior to filing a petition for writ of mandamus. Bush, 945 So. 2d at 1210; Reeves v. State, 987 So. 2d 779, 780 (Fla. 3d DCA 2008); Patterson v. State, 784 So. 2d 451, 452 (Fla. 3d DCA 2000) (mem). If after exhausting his administrative remedies, Diaz is not afforded the relief sought, he may file a petition seeking a writ of mandamus to compel the Department to credit him with the full amount of jail time awarded by the trial court. Any such petition must be filed with the circuit court in Leon County, where the Department is located. Wilson, 9 So. 3d. 630. Accordingly, this dismissal is without prejudice to

---

[1] We express no opinion on the merits of Diaz's claim that he is entitled to gain time for the 1,049 days spent in the county jail awaiting trial.

2

Diaz re-raising this issue once he has exhausted his administrative remedies, if relief is not provided by the Department.

Dismissed without prejudice.