# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-19
Lower Tribunal No. 14-10513
_____

**Wayne Dunbar,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction— Mandamus.

Wayne Dunbar, in proper person.

Pamela Jo Bondi, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for respondent.

Before SUAREZ, C.J., and ROTHENBERG and SCALES, JJ.

SCALES, J.

On January 3, 2017, Petitioner Wayne Dunbar filed with this Court the instant petition seeking a writ of mandamus. We dismiss the petition.

Last year, this Court affirmed without elaboration Dunbar's conviction for possession of a firearm by a convicted felon. Dunbar v. State, 185 So. 3d 1248 (Fla. 3d DCA 2016) (table). In August of 2016, Dunbar filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.850. The State responded on August 24, 2016. The following day, the trial court adjudicated Dunbar's motion (granting his motion, in part, as to a jail credit calculation, but otherwise denying the motion), and Dunbar appealed this order to this Court on September 26, 2016. On April 12, 2017, this Court affirmed the decision of the trial court in case number 3D16-2361.

Presumably unaware that the trial court, on August 25, 2016, had denied his rule 3.850 motion, Dunbar, on September 16, 2016, filed a purported reply to the State's August 24, 2016 response. Rather than treating Dunbar's reply as a motion for rehearing[1] of its August 25, 2016 order, the trial court simply struck Dunbar's reply[2] as moot on October 5, 2016.[3]

---

[1] A motion seeking rehearing of an order denying a movant's rule 3.850 motion must be filed within fifteen days of the service of the order. Fla. R. Crim. P. 3.850(j).

[2] Both Dunbar's reply and the trial court's corresponding order are part of the record in case number 3D16-2361.

[3] Rule 3.850 does not contemplate a movant's reply.

Dunbar then forwarded a notice of appeal to the Miami-Dade Circuit Court in which he sought to appeal to this Court the trial court's October 5, 2016 order striking his reply as moot. Because the circuit court apparently did not receive this notice of appeal, the clerk of the court did not transmit it to this Court. Thus, in the instant case, Dunbar has petitioned this Court to issue a writ of mandamus ordering the circuit court to transmit to this Court his appeal of the order striking his reply as moot.

Because Dunbar's September 16, 2016 reply was filed more than fifteen days after the trial court's August 25, 2016 order denying Dunbar's rule 3.850 motion, the trial court did not err by failing to treat Dunbar's reply as a motion for rehearing under rule 3.850(j). Dunbar's reply was not an "authorized and timely motion"[4] so as to authorize an adjudication by the trial court prior to this Court's adjudication of Dunbar's appeal in case number 3D16-2361. Because Florida Rule of Appellate Procedure 9.140(b) does not authorize an appeal of an order striking a reply, this Court has no jurisdiction to review the trial court's October 5, 2016 order. That the clerk of the circuit court did not receive or transmit Dunbar's purported appeal of the trial court's October 5, 2016 order is of no consequence. There are no grounds for this Court to issue a writ of mandamus.

Petition dismissed.

---

[4] Fla. R. App. P. 9.020(i).