# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1464
Lower Tribunal No. 14-10513
_____

**Wayne Dunbar,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Wayne Dunbar, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, LAGOA, and FERNANDEZ, JJ.

SUAREZ, J.

Wayne Dunbar appeals from an order denying his Florida Rule of Criminal Procedure 3.800 motion to correct an illegal sentence or, alternatively, his Florida

Rule of Criminal Procedure 3.801 motion for additional credit for time served. We affirm without prejudice for Dunbar to first exhaust his administrative remedies with the Department of Corrections ("DOC") and to file a petition for writ of mandamus should he feel the decision of the DOC is incorrect.

Last year, this Court affirmed without elaboration Dunbar's conviction for possession of a firearm by a convicted felon. Dunbar v. State, 185 So. 3d 1248 (Fla. 3d DCA 2016) (table). In August of 2016, Dunbar filed a motion to correct his sentence pursuant to Rule 3.850. The State responded on August 24, 2016. The following day, the trial court adjudicated Dunbar's motion (granting his motion, in part, as to a jail credit calculation, but otherwise denying the motion), and Dunbar appealed the order to this Court on September 26, 2016. On April 12, 2017, this Court affirmed the decision of the trial court in case number 3D16–2361. Dunbar v. State, 217 So. 3d 1103, 1104 (Fla. 3d DCA 2017). Dunbar then filed the current motion seeking additional gain time.[1] The trial court summarily denied the petition, and Dunbar here appeals.

As an inmate in the custody of the DOC, Dunbar must fully exhaust his administrative remedies regarding gain time or credit owed within the DOC before

---

[1] Although alternatively styled as an appeal from denial of a Rule 3.800 petition to correct an illegal sentence, Dunbar's sole assertion in the underlying petition is not that the sentence is illegal, but rather that he is entitled to additional gain time. We thus treat this as an appeal from the denial of a Rule 3.801 petition.

he is entitled to pursue judicial remedies. <u>Bush v. State</u>, 945 So. 2d 1207, 1210 (Fla. 2006); <u>Wilson v. State</u>, 9 So. 3d 630 (Fla. 3d DCA 2009) (table); <u>Reeves v. State</u>, 987 So. 2d 779, 780 (Fla. 3d DCA 2008); <u>Patterson v. State</u>, 784 So. 2d 451, 452 (Fla. 3d DCA 2000) (mem.). If after exhausting his administrative remedies, Dunbar is not afforded the relief sought, he may file a petition seeking a writ of mandamus to compel the DOC to credit him with the full amount of jail time he asserts is owed him. <u>See</u> <u>LaFerte-Diaz v. Dep't of Corr.</u>, 187 So. 3d 908, 909 (Fla. 3d DCA 2016). Any such petition must be filed with the circuit court in Leon County, where the DOC is located. <u>Wilson</u>, 9 So. 3d 630.

Affirmed.