# Third District Court of Appeal

**State of Florida**

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2706
Lower Tribunal Nos. 11-30171 & 12-10420
_____

**Maximiliano Rey,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Maximiliano Rey, in proper person.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

PER CURIAM.

Maximiliano Rey appeals from an order denying his motion for clarification of jail credit. We affirm without prejudice for Rey to first exhaust his administrative remedies with the Department of Corrections and, if unsatisfied with the outcome, to file a petition for writ of mandamus against the Department.[1] See Watkins v. State, 14 So. 3d 1128, 1129 (Fla. 2d DCA 2009) (explaining that a defendant's "claim that the [Department of Corrections] incorrectly interpreted his sentences is not cognizable in a motion for clarification" (citing Edward v. State, 966 So. 2d 1012, 1013 (Fla. 4th DCA 2007))); Dunbar v. State, 225 So. 3d 971, 972 (Fla. 3d DCA 2017) ("As an inmate in the custody of the [Department of Corrections], Dunbar must fully exhaust his administrative remedies regarding gain time or credit owed within the [Department of Corrections] before he is entitled to pursue judicial remedies."); LaFerte-Diaz v. Dep't of Corr., 187 So. 3d 908, 909 (Fla. 3d DCA 2016) ("If after exhausting his administrative remedies, Diaz is not afforded the relief sought, he may file a petition seeking a writ of mandamus to compel the Department [of Corrections] to credit him with the full amount of jail time awarded by the trial court.").

---

[1] To the extent Rey seeks to argue for the first time on appeal that the trial court's written sentence does not conform to the oral pronouncements, the proper mechanism by which to raise such a claim is through a Rule 3.800(a) motion. See Williams v. State, 957 So. 2d 600, 601 (Fla. 2007) ("[A] claim asserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence.").

We further affirm without prejudice for Rey to raise a claim asserting a discrepancy between the oral and written sentence by filing a motion pursuant to Rule 3.800(a).  See Brown v. State, 225 So. 3d 319, 321 (Fla. 3d DCA 2017).

Affirmed.