# Third District Court of Appeal

## State of Florida

Opinion filed October 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1336
Lower Tribunal No. 00-29420A

_____

**Jose E. Rivera,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Jose E. Rivera, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SCALES, LUCK, and LINDSEY, JJ.

LINDSEY, J.

Jose E. Rivera appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. For the reasons set forth below, we reverse the trial court's order denying Rivera's rule 3.800(a) post-conviction motion and remand for further proceedings.

Rivera was charged with attempted first-degree murder with a deadly weapon (count I), aggravated battery with a deadly weapon (count II), criminal mischief (count III), and petit theft (count IV). Rivera was found guilty of the lesser included offense of attempted second-degree murder with possession and discharge of a firearm and criminal mischief causing property damage of $1,000 or greater. On May 30, 2003, Rivera was sentenced to thirty-five years for attempted murder with a twenty-year minimum mandatory for the discharge of a firearm and five years for criminal mischief, concurrent. As part of his original sentencing, the trial court credited Rivera 992 days for jail time served prior to the imposition of his sentence. This Court affirmed Rivera's conviction and sentence on February 25, 2004. See Rivera v. State, 868 So. 2d 530 (Fla. 3d DCA 2004).

On April 4, 2006, Rivera filed a motion to correct illegal sentence. The trial court subsequently granted in part and denied in part Rivera's April 4, 2006 post-conviction motion. On August 28, 2006, the trial court resentenced Rivera and credited him 122 days—in addition to the original 992 days—for a total jail credit

of 1114 days.  On May 21, 2008, this Court affirmed Rivera's resentencing.  See Rivera v. State, 982 So. 2d 699 (Fla. 3d DCA 2008).

On May 15, 2018, Rivera filed a rule 3.800(a) motion to correct illegal sentence.  Rivera asserted that when he was resentenced and awarded 1114 days of jail credit on August 28, 2006, the trial court failed to include approximately three years of prison credit reflecting when Rivera was in Department of Corrections' custody between his original May 30, 2003 sentencing date and his August 28, 2006 resentencing date.  On June 5, 2018, the trial court summarily denied Rivera's rule 3.800(a) motion, finding that Rivera failed to first exhaust his administrative remedies with the Department of Corrections.  On June 21, 2018, Rivera timely appealed the trial court's summary denial order.

Citing this Court's decision in Dunbar v. State, 225 So. 3d 971 (Fla. 3d DCA 2017), the trial court concluded that Rivera first needed to exhaust his administrative remedies within the Department of Corrections before seeking relief from a court. We disagree.  In Dunbar, the defendant appealed a trial court's order denying his rule 3.800(a) motion to correct an illegal sentence or, alternatively, his Florida Rule of Criminal Procedure 3.801 motion for additional credit for time served.  Id. at 972.  Because the defendant in Dunbar only sought additional gain time from the Department of Corrections, this Court treated the matter as an appeal from an order denying a rule 3.801 motion to correct jail sentence and held that the

3

defendant was first required to exhaust all administrative remedies within the Department of Corrections.  Id.

When the trial court's sentencing order properly awards credit for time served but the defendant contends that the Department of Corrections has failed to properly credit the prisoner for the time served as reflected in that sentencing order, the defendant must first exhaust the available administrative remedies.  See Wilson v. State, 9 So. 3d 630 (Fla. 3d DCA 2009); see also Newman v. State, 866 So. 2d 751, 752 (Fla. 5th DCA 2004) ("[W]hen the Department of Corrections fails to credit a prisoner with prison time awarded by the trial court, the prisoner must first exhaust the available administrative remedies and then, if necessary, file a petition for writ of mandamus in the circuit court.").

However, a defendant is under no obligation to first exhaust all administrative remedies within the Department of Corrections before pursuing judicial relief when the only claim is that the trial court's sentencing order failed to award adequate credit for pre-sentence prison time.  See Joseph v. State, 16 So. 3d 946, 948 (Fla. 3d DCA 2009) ("The trial court also erred by requiring the defendant to exhaust his administrative remedies within the Department of Corrections. The allegation here is that the court's sentencing order failed to give adequate credit for time served.").[1]

_____

[1] Florida Rule of Criminal Procedure 3.801 was adopted in 2013 and governs the correction of a sentence that fails to allow county jail time credit as provided in

Here, Rivera's claim is not that the Department of Corrections is failing to properly credit him for prison time awarded by the resentencing order. Rather, his only claim is that the trial court's order failed to properly award prison credit for the period of time he was in Department of Corrections' custody between his original May 30, 2003 sentencing and his resentencing on August 28, 2006. "Pre-sentence jail time is a matter which is within the purview of the circuit court and the failure of that court to make a proper award affects the validity of the sentence imposed." Knox v. State, 692 So. 2d 296, 297 (Fla. 3d DCA 1997) (citing Henderson v. State, 632 So.2d 653 (Fla. 5th DCA 1994)).

Accordingly, a trial court's failure to award a defendant pre-sentence prison credit pursuant to section 921.161(2), Florida Statutes, constitutes an illegal sentence that may be corrected at any time under rule 3.800.[2] See Morgan v. State, 99 So. 3d 999, 1000 n.1 (Fla. 1st DCA 2013) ("The trial court's failure to check the box for prison credit is a claim that is cognizable in a rule 3.800(a) motion."). Thus, as we concluded in Joseph, the trial court in the instant appeal erred in

section 921.161(1), Florida Statutes. See In re Amendments to Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 132 So. 3d 734, 737 (Fla. 2013); see also Curtis v. State, 197 So. 3d 135, 136 (Fla. 2d DCA 2016) ("Rule 3.801 . . . does not provide for the correction of *prison* credit. Instead, a claim for credit for prison time is properly raised in a motion filed pursuant to [Rule] 3.800(a).") (emphasis in original).

[2] "A Court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ." Fla. R. Crim. P. 3.800(a)(1).

5

summarily denying Rivera's rule 3.800(a) motion to correct illegal sentence by requiring Rivera to first exhaust all available administrative remedies within the Department of Corrections. See Joseph, 16 So. 3d at 948.

Because the trial court's reliance on Dunbar was misplaced and Rivera has established an entitlement to relief on his prison credit claim, we reverse the trial court's order denying Rivera's rule 3.800(a) post-conviction motion to correct illegal sentence. We further remand with directions for the trial court to enter an amended sentence awarding prison credit for time previously served in state prison from his initial sentence on May 30, 2003 to his resentencing on August 28, 2006.

Reversed and remanded with instructions.